IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HUMANA INSURANCE COMPANY, ) ) ) ) Plaintiff, ) v. ) ) THE CHUBB CORPORATION d/b/a ) CHUBB GROUP OF INSURANCE ) COMPANIES ) ) Defendants, ) | Case No.: |

**COMPLAINT**

The Plaintiff, Humana Insurance Company ("Humana"), by its attorneys, Falk Legal Group, pleads the following complaint against the Defendant, The Chubb Corporation d/b/a The Chubb Group of Insurance Companies ("Chubb"):

**OVERVIEW**

1. Humana files this action under Title XVIII of the Social Security Act, 42 U.S.C. § 1395 *et seq.*, to enforce the right of reimbursement of Medicare Conditional Payments pursuant to 42 U.S.C. § 1395y(b). Humana paid for medical care and treatment of its enrollee, Lottie Leja (Leja), who was a Medicare beneficiary. Chubb was a Primary Plan for this treatment as that term is defined by the Medicare Secondary Payer Act. Humana now seeks to recover the amount of its Conditional Payments from Chubb, plus double damages and attorney fees.

1

## PARTIES

2. Plaintiff, Humana, is a Wisconsin corporation with its principal place of business located at 500 W. Main Street, Louisville, Kentucky.

3. Defendant, Chubb, is a New Jersey corporation with its principal place of business located at 15 Mountain View Road, Warren, New Jersey.

## JURISDICTION AND VENUE

4. This matter arises under the laws of the United States and involves a federal question. The Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331.

5. The Court also has diversity jurisdiction under 28 U.S.C. § 1332 as Humana and Chubb are residents of different states and the amount in controversy is more than $75,000.

6. Venue is proper in the Northern District of Illinois because (1) a substantial part of the events or omissions giving rise to this action occurred in the Northern District of Illinois; and/or (2) the Defendant conducts substantial business in the Northern District of Illinois and as such is subject to the court's personal jurisdiction.

## LEGAL BACKGROUND

7. Title XVIII of the Social Security Act ("Medicare Act") creates the Medicare Program. 42 U.S.C. § 1395, et seq. Medicare is a system of federally funded health insurance for people age 65 and older, certain disabled persons, and persons with End Stage Renal Disease.

8. Most individuals eligible for Medicare are entitled to elect to receive benefits under the Medicare program through the original Medicare program under Parts A and B, or through enrollment in a Medicare Advantage plan under Medicare Part C. In the Medicare Advantage program, private contractors, mainly health maintenance organizations and insurance

companies, administer Medicare benefits under contract with the Centers for Medicare and Medicaid Services ("CMS"). These organizations are known as Medicare Advantage Organizations ("MAOs"). See 42 U.S.C. § 1395w-21(a)(1).

9. From its inception through 1980, Medicare generally paid for medical services whether or not the recipient was also covered by another health insurance plan, but in response to skyrocketing costs, Congress began to enact the statutes that now comprise the Medicare Secondary Payer ("MSP") Act, 42 U.S.C. § 1395y(b). By its terms, the MSP Act applies to payments under Title XVIII of the Social Security Act.

10. The MSP Act provides that when Medicare pays for treatment of a Medicare beneficiary, and there is also a Primary Plan that provides healthcare benefits for the same treatment, Medicare's payment is a "Conditional Payment." The Primary Plan, and any entity that receives payment from a Primary Plan, must reimburse Medicare for the payment it made. 42 U.S.C. § 1395y(b)(2).

11. An insurer that has made or can reasonably be expected to make payment under a "workmen's compensation law or plan" is a Primary Plan under the MSP Act. 42 U.S.C. § 1395y(b)(2)(A).

12. A Primary Plan's responsibility for such payment "may be demonstrated by … a payment conditioned upon the recipient's compromise, waiver, or release (whether or not there is a determination or admission of liability) of payment for items or services included in a claim against the Primary Plan or the Primary Plan's insured, or by other means." 42 U.S.C. § 1395y(b)(2)(B)(ii).

13. In the event a Primary Plan fails to reimburse Medicare for its Conditional Payments, the MSP Act authorizes a private cause of action to recover double damages from the Primary Plan. 42 U.S.C. § 1395y(b)(3)(A).

14. Humana, as a Medicare Advantage Organization and a Medicare secondary payer, has standing under 42 U.S.C. § 1395y(b)(3) to bring this private cause of action to recover double damages from defendant, Chubb, as the Primary Plan, because Humana made Conditional Payments on behalf of its Medicare Advantage enrollee, Lottie Leja, for which defendant Chubb was primarily liable and for which it did not reimburse Humana. *See, Humana Med. Plan, Inc. v. W. Heritage Ins. Co.*, 832 F.3d 1229 (11th Cir. 2016).

## **FACTUAL ALLEGATIONS**

15. Humana contracted with the Centers for Medicare and Medicaid Services ("CMS") to administer benefits for Medicare beneficiaries who elect to enroll in Medicare Part C (Medicare Advantage) and Part D (Medicare Prescription Drug) programs. As such, Humana is a Medicare Advantage Organization ("MAO").

16. Lottie Leja was, at all times material hereto, a Medicare beneficiary who, at the time of the events giving rise to this action, was employed by Anthelio Healthcare Solutions.

17. Upon information and belief, Chubb issued a policy of workers' compensation insurance to Anthelio Healthcare Solutions that provided coverage for Leja's medical care and treatment arising from workplace injuries.

18. Leja elected to obtain her Medicare benefits through participation in a Medicare Advantage plan administered by Humana.

19. Humana provided Medicare Advantage benefits to Leja.

4

20. Leja was injured on November 15, 2012 during the course of her employment with Anthelio Healthcare Solutions (the "Work Injury").

21. Leja filed a workers' compensation action with the Illinois Workers' Compensation Commission regarding her Work Injury. The proceeding, titled <u>Leja v. Anthelio Healthcare Solutions</u>, was assigned case number 15WC035635 (the "WC proceeding").

22. In the WC proceeding, Leja claimed injuries to her cervical spine and lumbar spine and asserted that these injuries necessitated a C3-7 fusion with revision and bilateral L2, L3, L4, and L5 radiofrequency ablations.

23. Leja received treatment related to the Work Injury and submitted claims to Humana for payment.

24. The claims submitted to Humana totaled at least $159,349.35.

25. With the exception of any copays for which Leja was obligated to pay, Humana fully discharged the expenses of the items and services for which Leja's providers would otherwise have charged $159,349.35. By virtue of its provider discounts and certain features of the Medicare Advantage program, Humana was able to fully discharge the claims by making Conditional Payments in the amount of $39,460.90 to Leja's providers (the "Conditional Payments").

26. Humana has not been reimbursed for the Conditional Payments it made.

27. On or about December 9, 2020, Leja entered into a compromise agreement with Anthelio Healthcare Solutions and Chubb. Pursuant to that agreement, Chubb agreed to "Pay Petitioner a lump sum of $100,000.00 plus $5,977.81 to Humana."

5

28. Humana did not participate in the worker's compensation proceeding, was not a party to the compromise agreement, and did not agree to accept $5,977.81 in satisfaction of its statutory reimbursement rights.

29. Humana sent numerous communications to Leja, her attorney, and Chubb's attorneys, including, most recently, an MSP reimbursement demand to Leja on or about November 22, 2023.

30. The MSP reimbursement demand demanded repayment of the $39,369.42 paid by Humana within 60 days from receipt of the letter.

31. The MSP reimbursement demand set forth Leja's right to appeal the amount set forth in the reimbursement demand within 60 days from receipt of the letter.

32. Leja has not repaid Humana despite due demand.

33. Chubb has not reimbursed Humana despite due demand.

34. Leja did not appeal the amount set forth in the reimbursement letter.

35. Under the Medicare Secondary Payer Act, "A primary plan's responsibility [to reimburse Conditional Payments made by an MAO] may be demonstrated by a judgment, a payment conditioned upon the recipient's compromise, waiver, or release (whether or not there is a determination or admission of liability) of payment for items or services included in a claim against the Primary Plan or the Primary Plan's insured, or by other means." 42. U.S.C. § 1935y(b)(2)(B)(ii).

36. By virtue of the compromise agreement and the payments made to Leja, Chubb became liable to Humana as a responsible Primary Plan.

37. On information and belief, Chubb disbursed payment to Leja pursuant to the compromise agreement.

6

38. Accordingly, Chubb is a Primary Plan and must reimburse Humana even though it has already paid Leja. *See*, 42 C.F.R. § 411.24(i)(1).

39. Chubb has not reimbursed Humana for the Conditional Payments Humana made to or for the benefit of Leja arising from the Work Injury.

40. Chubb has failed to provide notice of primary payment responsibility to Humana as required by 42 C.F.R. § 411.25.

## **COUNT I: RECOVERY OF CONDITIONAL PAYMENTS**

41. Humana incorporates by reference the preceding paragraphs as if fully set forth herein.

42. Congress has "established a private cause of action for damages (which shall be in an amount double the amount otherwise provide) in the case of a Primary Plan which fails to provide for payment (or appropriate reimbursement)" in accordance with the MSP Act. 42 U.S.C. § 1395y(b)(3)(A).

43. Chubb did not make primary payment to Leja's providers for the items and services for which Humana advanced the Conditional Payments.

44. Chubb did not make appropriate reimbursement to Humana in accordance with the MSP Act and MSP regulations.

45. Under the private cause of action established by 42 U.S.C. § 1395y(b)(3)(A), Humana is entitled to recover "an amount double the amount otherwise provided."

46. Humana brings the private cause of action established by 42 U.S.C. § 1395y(b)(3)(A) to recover from Chubb double damages for its failure to make appropriate reimbursement as required by law.

47. Humana made Conditional Payments in the amount of $39,460.90 and is entitled to recover double that amount.

## COUNT II: DECLARATORY JUDGMENT

48. Humana incorporates by reference the preceding paragraphs as if fully set forth herein.

49. Humana seeks a declaratory judgment as authorized by 28 U.S.C. § 2201 and such further necessary or proper relief authorized by 28 U.S.C. § 2202.

50. Humana seeks a declaration that:

   a. Humana made Conditional Payments of Medicare benefits for healthcare treatment and services required by Leja as a result of the Work Injury.

   b. Chubb was the Primary Plan under 42 U.S.C. § 1395y(b)(2) and § 1395w-22(a)(4) with respect to the Conditional Payments made by Humana.

   c. Chubb made a payment to Leja, a Medicare Advantage enrollee, "conditioned upon the recipient's compromise, waiver, or release (whether or not there is a determination or admission of liability) of payment for items or services included in a claim against the insured…" 42 U.S.C. § 1395y(b)(2)(B)(ii); *See also* 42 C.F.R. § 411.22(b). That payment was made more than 60 days prior to the filing of this action.

   d. A Medicare beneficiary or other party who receives payment from a Primary Plan under those circumstances is required to reimburse Medicare within 60 days.

   e. Chubb is therefore required by the Medicare Secondary Payer Act and regulations to reimburse Humana for the Conditional Payments of Medicare benefits it advanced.

  f. Despite due demand, Chubb has failed to reimburse Humana the Conditional Payments of Medicare benefits advanced by Humana in connection with the treatment received by Leja for her Work Injury.

  g. Accordingly, Chubb is legally obligated to reimburse Humana twice the amount of the Conditional Payments, plus interest.

51. Humana's claims in this lawsuit "turn on substantial questions of federal law," specifically, the applicability and validity of the MSP Act and the associated regulations, and thus falls in the category of cases over which federal courts have jurisdiction under *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005).

52. Count Two raises "a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314.

53. The federal issue presented is a "substantial" issue that implicates a "substantial federal interest" because it is an issue that has created uncertainty in the settlement of personal injury and worker's compensation actions around the country. It is also an issue that, according to CMS, involves millions of dollars in Medicare benefits annually. *See,* Medicare Program; Policy and Technical Changes to the Medicare Advantage and the Medicare Prescription Drug Programs, Final Rule, 75 Fed. Reg. 19678, at 19771 (April 15, 2010). Federal courts should determine what responsibilities liability insurers have when they settle with Medicare Advantage enrollees.

54. Humana's request for a declaration rests on facts of a justiciable nature as required by *Ashwander v. Tennessee Valley Authority*, 297 U.S. 288, 325 (1936).

55. A declaratory judgment will terminate the controversy between the parties.

9

WHEREFORE, the plaintiff demands judgment as follows:

1. Against the defendant in the amount of $78,921.80, plus the costs, disbursements, and interests of bringing this action.

2. Declaring the Parties' rights and obligations as set forth in Count II.

Dated this August 2, 2024.

                          FALK LEGAL GROUP LLC
                          Attorneys for Humana Insurance Company

                          /s/ Matthew R. Falk

                          By: Matthew R. Falk (IL SBN: 6322284)
                          Christopher L. Rexroat (WI SBN: 1021518)
                          Katelyn E. Paider (WI SBN: 1123566)

1037 North Astor Street
Milwaukee, WI 53202
Phone: (414)316-2120
Fax:   (414)316-2137
mfalk@falklegal.com
crexroat@falklegal.com
kpaider@falklegal.com